**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
L. Timothy Fisher (State Bar No. 191626)
Annick M. Persinger (State Bar No. 272996)
Yeremey Krivoshey (State Bar No. 295032)
1990 North California Boulevard, Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-Mail: scott@bursor.com
       ltfisher@bursor.com
       apersinger@bursor.com
       ykrivoshey@bursor.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PROV KRIVOSHEY, individually and on behalf of all others similarly situated,<br><br>                            Plaintiff,<br><br>    v.<br><br>RELAYRIDES, INC.  D/B/A TURO,<br><br>                         Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**<u>JURY TRIAL DEMANDED</u>** |

CLASS ACTION COMPLAINT

Plaintiff Prov Krivoshey ("Plaintiff") brings this action on behalf of himself and all others similarly situated against Defendant RelayRides, Inc., d/b/a Turo ("RelayRides" or "Defendant"). Plaintiff makes the following allegations pursuant to the investigation of his counsel and based upon information and belief, except as to the allegations specifically pertaining to himself, which are based on personal knowledge.

**INTRODUCTION**

1.      Defendant RelayRides, a car rental company, charges penalty "Admin. Fees" to rake in extra money from its customers.  RelayRides charges its customers twice, once for the purported damage that they may have caused and once more as a penalty for having caused the damage. Because the "Admin. Fees" have nothing to do with any damage RelayRides may suffer from a customer's breach of contract, the "Admin. Fees" are a windfall for Defendant.  Plaintiff brings this case as a class action challenging Defendant RelayRides, Inc.'s imposition of penalty "Admin. Fees" on its car-rental customers in violation of California Civil Code § 1671(d) and other provisions of California law.

2.      RelayRides is in the business of connecting customers seeking to rent an automobile with automobile owners seeking to provide their personal or business automobiles for rent. RelayRides' customers must create an account on RelayRides website and, much like with a traditional car-rental company, can then browse through and select a desired car to rent, the time period for the rental, and the method of payment.

3.      The terms of RelayRides service agreement nationwide (the "Agreement") provide for the imposition by RelayRides of "Admin. Fees."  Any time a customer breaches the Agreement, either through, *e.g.*, returning a vehicle late, driving more miles than permitted, returning a vehicle without enough gasoline, not paying tolls, incurring tickets or fines, returning a vehicle in an unclean condition, having pets in the vehicle, or smoking in the vehicle, the Agreement imposes set "Admin. Fees."  Similarly, any time a customer breaches the Agreement through, *e.g.*, damaging an owner's vehicle or where a third-party damages the vehicle during the reservation, the

Agreement imposes set "Admin. Fees," sometimes also referred to as "claims processing costs," "processing fees," and "related costs."

4.      As is set forth in more particularly below, Plaintiff and the members of the proposed plaintiff class are individuals nationwide who (1) were RelayRides customers who used RelayRides services any time before November 2015 and incurred an Admin. Fee and (2) RelayRides customers who used RelayRides at any time and incurred an Admin. Fee and timely opted-out of RelayRides' recent arbitration provision added to its website's terms of service.

5.      The Admin. Fees have generated substantial revenues and profits for RelayRides and its parents and affiliates.  By the complaint, Plaintiff seeks, *inter alia*, to permanently enjoin the enforcement and threat of collection of the Admin. Fees and to recover as damages and/or restitution all Admin. Fees heretofore paid by members of the plaintiff class.

6.      The Admin. Fees constitute unlawful penalties that are void and unenforceable under California Civil Code § 1671 ("§ 1671"); unlawful and unfair under California's Unfair Competition Law, Bus. & Prof. Code § 17200 *et seq*. (the "UCL"); and unconscionable under California Civil Code § 1750 *et seq*., the Consumers Legal Remedies Act (the "CLRA").

7.      Plaintiff therefore seeks, as alleged with greater particularity below, to (a) permanently enjoin RelayRides from collecting the Admin. Fees; (b) impose constructive trusts on all amounts by which RelayRides was unjustly enriched as a result of collecting the Admin. Fees; (c) recover as damages and/or restitution all Admin. Fees heretofore paid by members of the plaintiff class; and (d) obtain all such other relief to which they may be entitled pursuant to Civil Code § 1671, the UCL or any other applicable provision of California law, including, without limitation, disgorgement, actual and punitive damages, and restitution.

## PARTIES

8.      At all times relevant hereto, Plaintiff Krivoshey was a resident of Chicago, Illinois. Plaintiff is a RelayRides member, subject to the Agreement, and has incurred and paid an Admin. Fee imposed by RelayRides pursuant thereto.  On January 9, 2016, Plaintiff became a first-time RelayRides customer by renting a vehicle through RelayRides' website and consenting to the

"Agreement."  Plaintiff rented a vehicle through RelayRides for personal, family, or household purposes.  During the four-day rental period, an unknown third party caused some minor damage (scratches) to the side panel and bumper of the vehicle while it was parked in a parking lot.  Upon return of the vehicle, RelayRides charged Plaintiff (1) $583.99 in "damage costs" to fully compensate the vehicle's owner for the damage caused to the vehicle; (2) a $75 "appraisal fee" for a third-party estimate of the damage; and (3) also charged Plaintiff an additional "Admin. Fee" of $150.00.[1]  The $150.00 "Admin. Fee" bears no relation to any damages *anyone* suffered.  Indeed, the $150.00 "Admin. Fee" was charged purely as a penalty for Plaintiff's breach of the Agreement by returning a rented vehicle with minor damage, in an effort by RelayRides to collect extra revenue.  On January 26, 2016, Plaintiff Krivoshey timely opted-out of any agreement he may have entered into with RelayRides, Inc. (d/b/a Turo), or any of its parents, subsidiaries, affiliates, assigns, or agents by sending an opt-out notice to arbitrationoptout@turo.com, providing his email address and home address associated with his account, and attaching an unaltered image of his valid driver's license.  Plaintiff paid the Admin Fee and all the other outstanding charges on his account after instructing RelayRides' employee that "he is doing so not because he believes it is right or his obligation, but rather under protest so as to avoid any potential negative consequences to his credit report and so that his account is not transferred to collections agencies."

9.     As a result thereof, Plaintiff suffered an injury in fact in the loss of money and/or property.

10.     Defendant RelayRides, Inc. is a Delaware corporation headquartered in San Francisco, California.  At all times relevant hereto, RelayRides was in the business of providing, inter-alia, car rental services subject to the Agreement to individuals in California and nationwide. Under the Agreement, RelayRides imposed, pursued, and collected Admin. Fees provided for in the Agreement in this District, in California, and nationwide.  RelayRides' drafting of the Agreement and all decisions regarding the imposition and collection of the Admin. Fees were conceived, reviewed, approved, and otherwise controlled from RelayRides' San Francisco,

---

[1] Plaintiff was also charged and paid for the normal trip price of $116.00, a "trip fee" of $11.60, a basic protection fee (insurance) of $17.40, and a young driver fee of $23.30.

California headquarters.  RelayRides' Admin. Fees collection practices were coordinated at, emanated from, and developed in its San Francisco, California headquarters.  All critical decisions regarding the Admin. Fees were made in California.

### JURISDICTION AND VENUE

11.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A) because this case is a class action where the aggregate claims of all members of the proposed class are in excess of $5,000,000, exclusive of interests and costs, and Plaintiff, as well as most members of the proposed Class, are citizens of states different from the states of Defendant.

12.     This Court has personal jurisdiction over RelayRides because RelayRides is headquartered in this District and is registered with the California Secretary of State to conduct business within California, and conducts substantial business within California such that it has significant, continuous, and pervasive contacts with the State of California.

13.     Venue is proper in this Court under 28 U.S.C. § 1391(b) because RelayRides transacts significant business within this District and is headquartered in the District.  Venue is also proper under 28 U.S.C. § 1391(c) because RelayRides is subject to personal jurisdiction in this District.  Venue is also proper because the Agreement has at all times contained a California choice of law clause and a forum selection clause specifying that California law shall apply to any disputes between the parties and that disputes are to be resolved exclusively by a state, federal or small claims court located in San Francisco, California.

### FACTS COMMON TO ALL CAUSES OF ACTION

14.     RelayRides provides a car rental service to customers nationwide by connecting potential customers with automobile owners seeking to rent their unused vehicles.  RelayRides' customers must create an account on RelayRides website and, much like with a traditional car-rental company, can then browse through and select a desired car to rent, the time period for the rental, and the method of payment.  All of RelayRides' car rental services are also available through a mobile application subject to identical terms and the same Agreement.

15.     RelayRides does not provide any of its own vehicles to customers for rent.  Rather, RelayRides' customers exclusively rent vehicles of third-party owners who list their vehicles on RelayRides' mobile and internet platform.  RelayRides makes its profits through imposing additional fees on top of the costs of each reservation, and remits the reservation costs to the vehicle owners.

16.     After a potential customer selects a desired rental car through RelayRides' website, RelayRides automatically (electronically) sends the owner of the specified car a notification that a reservation/rental request has been made.  The owner of the vehicle then has a short amount of time to accept the reservation through RelayRides' website or mobile application.

17.     Once an owner accepts the reservation, the customer and owner independently arrange for the customer to pick up the car at the beginning of the reservation and drop-off the car at the end of the reservation.  Both at pick-up and drop-off, customers and owners are instructed by RelayRides to walk around the vehicle to ensure that there is no existing damage to the vehicle, and, if there is damage, make a note of such damage through RelayRides' website or mobile application.

18.     To use RelayRides' car rental services, RelayRides requires that potential customers first agree to be bound by RelayRides' terms set out on its website (the "Agreement").  The Agreement was drafted entirely by RelayRides and/or its affiliates, is not subject to modification or negotiation and is provided to prospective customers on a "take it or leave it' basis.  The Agreement is a contract of adhesion under California law.

19.     The Agreement has at all times included a "Fees & Fines" provision and a corresponding "Admin. Fee" provision.  These Fees & Fines and Admin. Fees are and were at all times relevant hereto charged exclusively upon a customer's breach of the Agreement.  The following represents a list of "Fees & Fines" and "Admin. Fees" that RelayRides charges its customers for breach of the Agreement:

      a.   If a customer returns a car having used more than the permissible amount of miles allotted for that reservation, the customer is forced to pay a fee of "$0.75 per excess

mile driven" and a $10 "Admin. Fee."  The owner of the vehicle retains 75 percent of the "$0.75 per excess mile driven" charge, while RelayRides retains 100 percent of the Admin Fee and 25 percent of the mileage fee;

b. If a customer returns a vehicle even a minute late, RelayRides charges the customer a Late Return Fee of "$50/hour, up to greater of $200 or 3x daily rate."  RelayRides then remits 75% of the Late Fee to the car's owner and keeps the remaining 25 percent.  As with the excess mileage fee, however, RelayRides also charges a $25 "Admin. Fee" whenever a customer returns a vehicle late and keeps 100 percent of this fee;

c. If a customer returns a vehicle without filling up the gas tank, RelayRides charges the customer the cost to replace the gas not refilled and remits 100 percent of this charge to the vehicle's owner.  However, RelayRides also charges such a customer a $25 "Admin. Fee" which RelayRides retains;

d. Whenever a customer is charged for a toll while driving (and the customer does not immediately pay for the toll at the time it is charged), RelayRides charges the customer the entire cost of the toll and remits 100 percent of the charge of the toll to the vehicle's owner.  However, RelayRides also charges such a customer a $10 "Admin. Fee" which RelayRides retains;

e. Whenever a customer is issued a ticket while driving a rental car, RelayRides charges the customer 100 percent of the cost of the ticket and remits the entire cost to the vehicle's owner.  However, RelayRides also charges such a customer a $25 "Admin. Fee" which RelayRides retains;

f. Whenever a customer returns a vehicle in an unclean condition, RelayRides charges the customer a "Cleaning Fee" of up to $250, of which 100 percent is remitted to the vehicle's owner.  However, RelayRides also charges such a customer a $25 "Admin. Fee" which RelayRides retains;

g.  Whenever a customer returns a vehicle and there is evidence that a pet was in the vehicle during the reservation, RelayRides charges the customer a "Pet Fee" of up to $250, of which 100 percent is remitted to the vehicle's owner.  However, RelayRides also charges such a customer a $25 "Admin. Fee," which RelayRides retains;

h.  Whenever a customer returns a vehicle and there is evidence of smoking by the customer, RelayRides charges thee customer a "Smoking Fee" of up to $250, of which 100 percent is remitted to the vehicle's owner.  However, RelayRides also charges such a customer a $25 'Admin. Fee," which RelayRides retains;

i.  RelayRides also charges Admin. Fees whenever a customer breaches the Agreement through returning an externally damaged vehicle.  As with all other "Fees & Fines" where there is some physical damage to the car, such as in the case of cleaning, pet, and smoking fees, RelayRides estimates the actual damage to the vehicle and remits 100 percent of the cost of such damage to the vehicle owner.  However, RelayRides also charges such a customer a separate "Admin. Fee" or processing fee based on a simple formulae based on the "severity and complexity of the loss," which RelayRides retains.

20.  Plaintiff was charged an Admin Fee for a damaged vehicle.  In Plaintiff's case, RelayRides determined that there was $583.99 worth of damage to the vehicle that Plaintiff returned, and charged Plaintiff the full $583.99 as "damage costs."  The entire amount of the "damage costs" was then remitted to the owner of the vehicle.  And like with other "Fees & Fines," RelayRides also charged Plaintiff a separate Admin. Fee ($150) as a penalty for returning the vehicle in a damaged condition even though RelayRides suffered no loss as a result of the damage to a third party's vehicle.

21.  The amount of the Admin. Fees are, in each context, readily ascertainable or certain at the time of breach because they are fixed by the contract and can be determined by a simple formula or computation.  The Admin. Fees are fees that are always applied in the same amount

based on such simple formulae or computation.  For example, in the case of external physical damage to a vehicle, the Admin. Fee is determined by a simple formula concerning the severity of the damage.  Under this formula, for example, a small scratch to a bumper is automatically (x) dollar amount and a small scratch to a side panel is (x) dollar amount, with the total of the Admin. Fee consisting of the sum of the component (x) dollar amounts.  As discussed above, however, the Admin. Fee has nothing whatsoever to do with RelayRides' actual damages, as the customer must separately pay the full extent of the damages amount in addition to the Admin. Fee.

22.     If and to the extent that RelayRides suffers, would suffer or has suffered any damage upon a customer's breach of the Agreement, it is neither impracticable nor extremely difficult to fix the actual damage.  Furthermore, if and to the extent that RelayRides suffers, would suffer, or has suffered any damage upon a customer's breach, the Admin. Fees are not a reasonable measure or approximation of such damages and do not provide fair average compensation therefor. Moreover, they are – and under the circumstances existing at the time the Agreement was made, were – unreasonable.  On information and belief, RelayRides did not conduct a reasonable endeavor to fix fair average compensation for losses, if any, that it incurs, would incur, or has incurred by virtue of customer breach.  The Admin. Fees were not negotiated or discussed with Plaintiff or the members of the proposed class.

23.     The Admin. Fees imposed by RelayRides are unconscionable, void, and unenforceable under Civil Code §§ 1670.5, 1671(b) and/or 1671(d), constitute an unlawful, unfair, and deceptive practice under the UCL, and violate the CLRA, including without limitation Civil Code §§ 1770(a)(14) and 1770(a)(19).

24.     Beginning in early November of 2015, RelayRides began doing business as "Turo," but its services or Agreement did not change in any relevant respect.  The Admin. Fees and Fees & Fines have been consistent and consistently applied.  However, RelayRides added an arbitration provision to its online "terms" in November of 2015.  All customers that paid penalty Admin Fees in connection with RelayRides' services prior to November of 2015 are not subject to arbitration.

Similarly, customers that paid Admin Fees in connection with RelayRides services after November of 2015 are not subject to arbitration if they timely opted-out of the added arbitration provision.

## CLASS REPRESENTATION ALLEGATIONS

25.     Plaintiff brings this action on his own behalf and on behalf of all other persons similarly situated pursuant to the provisions of Fed. R. Civ. Proc. 23.

Plaintiff seeks certification of the following class (the "Class"):

> All United States residents who rented a car through RelayRides and who paid one or more Admin. Fee imposed by Defendant prior to November of 2015, or who paid one or more Admin. Fee imposed by Defendant after November of 2015 and who timely opted out of Defendant's arbitration clause.  Defendant and any judicial officer to whom the Action is assigned, including any of their employees or members of their immediate families, are excluded from the Class.

26.     <u>Numerosity of the Class</u>:  The Class is composed of at least thousands of individuals who are or were subscribers to RelayRides' Agreement, the joinder of which in one action would be impracticable.  The disposition of their claims through this class action will benefit both parties and the Court.  The identities of individual members of the Class is ascertainable through RelayRides' records.

27.     <u>Existence and Predominance of Common Questions of Fact and Law</u>: Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members.

28.     Such questions include, but are not limited to, the following:

a.      Whether the RelayRides' Admin. Fees are illegal, void and unenforceable contractual penalties pursuant to Civil Code § 1671(d);

b.      Whether damages are extremely difficult or impracticable to determine;

c.      Whether RelayRides conducted a reasonable endeavor, prior to imposing the Admin. Fees or including them in the Agreement, to fix fair average compensation for losses, if any, that it suffers when customers breach the Agreement, and if so, whether the Admin. Fees reflect the results of such a reasonable endeavor;

d.      Whether RelayRides' Admin. Fees are unconscionable;

e.      Whether RelayRides' Admin. Fees violate the UCL;

f.      Whether RelayRides' Admin. Fees violate the CLRA;

g.      Whether Plaintiff and the proposed Class members are entitled to restitution of Admin. Fees paid to RelayRides;

h.      Whether Plaintiff and the proposed Class members are entitled to an award of reasonable attorneys' fees, pre-judgment interest and costs of this suit; and

i.      Whether RelayRides should be enjoined from collecting Admin. Fees and/or from enforcing the Admin. Fee provision in their existing contracts.

29.     Typicality:  Plaintiff is asserting claims that are typical of the proposed Class members' claims, having paid Admin. Fees to RelayRides pursuant to the Agreement.  Plaintiff and the proposed Class members have similarly suffered harm arising from RelayRides' violations of the law, as alleged herein.

30.     Adequacy:  Plaintiff is an adequate representative of the proposed Class.  His interests do not conflict with, and are not antagonistic to, the interests of the members of that Class. Plaintiff will fairly and adequately represent and protect the interests of the Class.

31.     Superiority:  A class action is superior to other available means for the fair and efficient adjudication of Plaintiff's and the proposed Class members' claims.  Plaintiff and the members of the proposed Class have suffered irreparable harm as a result of RelayRides' unfair, unlawful, and unconscionable conduct.  Because of the size of the individual Class members' claims, few, if any, proposed Class members could afford to seek legal redress for the wrongs complained of herein.  Absent the class action, the proposed Class members will continue to suffer losses and the violations of law described herein will continue without remedy, and RelayRides will be permitted to retain the proceeds of their misdeeds.  RelayRides continues to engage in the unlawful, unfair, and unconscionable conduct that is the subject of this Complaint.

## FIRST CAUSE OF ACTION
### Violation of California Civil Code § 1671(d)

32.     Plaintiff incorporates herein by reference the allegations contained in all preceding paragraphs of this complaint.

33. Plaintiff brings this claim individually and on behalf of the members of the Class against RelayRides.

34. The Admin. Fees are impermissible liquidated damages provisions under California law. The Admin. Fees themselves, the contractual provisions that provide for them and their imposition and collection by RelayRides violate Civil Code § 1671(d) and they are unlawful, void and unenforceable under that statute.

35. Civil Code § 1671(d) states that a contractual provision, in a contract for the retail purchase or rental of personal property or services primarily for the party's personal, family, or household purposes, liquidating damages for the breach of the contract, is void except that the parties to such a contract may agree therein on an amount that shall be presumed to be the amount of the damage sustained by a breach thereof, when, from the nature of the cause, it would be impracticable or extremely difficult to fix that actual damage. The Agreement is a contract for the purchase of services primarily for personal, family or household use of Plaintiff and the members of the Class.

36. If and to the extent that RelayRides suffers, would suffer or has suffered any damages due to breach of contract by Plaintiff or members of the Class, it would not be impracticable, nor would it be extremely difficult, to determine them with certainty. Furthermore, the liquidated damages in the Agreement do not reflect a reasonable endeavor by RelayRides to fix fair average compensation for any harm that RelayRides would suffer, may suffer or have suffered, if any, from the contractual breaches. The Agreement is a contract of adhesion drafted by RelayRides and/or its parents, subsidiaries or affiliates and presented to prospective members on a "take it or leave it" basis with no opportunity for any prospective member to negotiate any of its terms and conditions. The Admin. Fees provisions in the Agreement are liquidated damages provisions that fail to comply with the standards set forth in Civil Code § 1671(d), and therefore constitute impermissible contractual penalties. RelayRides' imposition of Admin. Fees on Plaintiff and the members of the Class violates, and at all times relevant here to has violated, § 1671(d).

CLASS ACTION COMPLAINT

11

RelayRides' collection of Admin. Fees from Plaintiff and the members of the Class likewise violates, and at all times relevant hereto has violated, Civil Code § 1671(d).

37.     Plaintiff and the members of the Class have suffered an injury in fact resulting in the loss of money and/or property as a proximate result of the violations of law and wrongful conduct of RelayRides alleged herein.  Pursuant to Civil Code § 1671(d), Plaintiff, individually and on behalf of the members of the Class, seeks an order of this Court preliminarily and permanently enjoining RelayRides from further enforcement and collection of Admin. Fees as alleged herein. Plaintiff also seeks an order:

a.     Requiring RelayRides to cease their unlawful acts and practices;

b.     Directing RelayRides to make full restitution of all monies wrongfully obtained;

c.     Forcing RelayRides to disgorge all ill-gotten revenues and/or profits; and

d.     Providing such other and further relief as may be just and proper.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

## SECOND CAUSE OF ACTION
### Violation of the Consumers Legal Remedies Act,
### California Civil Code §§ 1750 *et seq*.

38.     Plaintiff incorporates herein by reference the allegations contained in all preceding paragraphs of this complaint.

39.     Plaintiff brings this claim individually and on behalf of the members of the Class against RelayRides.

40.     RelayRides has engaged in deceptive practices, unlawful methods of competition and/or unfair acts as defined by Civil Code § 1750, *et seq*., to the detriment of Plaintiff and the members of the Class.  Plaintiff and the members of the Class have suffered harm as a proximate result of the violations of law and wrongful conduct of RelayRides alleged herein.

41.     RelayRides intentionally, knowingly, and unlawfully perpetrated harm upon Plaintiff and the Class members by inserting unconscionable, unenforceable and illegal provisions in their Agreements with Plaintiff and the Class members in violation of Civil Code § 1770(a)(19),

and by enforcing those provisions.  By inserting an unconscionable, unenforceable and void Admin. Fee provision in the Agreement, and then enforcing that provision by imposing and collecting Admin. Fees, RelayRides also violated Civil Code § 1770(a)(14), which prohibits them from representing that a transaction confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law.

42.     RelayRides' policy and practice with respect to their inclusion of Admin. Fees in their Agreement and their collection of Admin. Fees is unlawful, unethical, oppressive, fraudulent and malicious.  The gravity of the harm to all consumers from RelayRides' policies and practices far outweighs any purported utility those policies and practices have.

43.     Plaintiff and the members of the Class have suffered harm as a proximate result of the violations of law and wrongful conduct of RelayRides alleged herein and will continue to suffer such harm if RelayRides' illegal practices are not abated.

44.     Prior to the filing of this complaint, a CLRA notice letter was served on Defendant which complies in all respects with California Civil Code § 1782(a).  A true and correct copy of Plaintiff's letter is attached as Exhibit A.  Defendant was advised that in the event that the relief requested had not been provided within thirty (30) days, Plaintiff would bring an action for damages pursuant to the CLRA.  Wherefore, Plaintiff seeks damages, including punitive damages, restitution, and injunctive relief for this violation of the CLRA.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

### THIRD CAUSE OF ACTION
**Unlawful Business Practices in Violation of the Unfair Competition Law
California Business and Professions Code §§ 17200 *et seq.*

45.     Plaintiff incorporates herein by reference the allegations contained in all preceding paragraphs of this complaint.

46.     Plaintiff brings this claim individually and on behalf of the members of the Class against RelayRides.

47.     RelayRides' continuing imposition, enforcement and collection of unlawful, unconscionable and unenforceable Admin. Fees constitutes an unlawful business practice in

violation of Bus. & Prof. Code §§ 17200 *et seq.*  Plaintiff and the members of the Class have suffered harm as a proximate result of the violations of law and wrongful conduct of RelayRides alleged herein.

48.     Civil Code § 1671(d) states that a provision in a contract liquidating damages for the breach of the contract is void except that the parties to such a contract may agree therein on an amount that shall be presumed to be the amount of the damage sustained by a breach thereof, when, from the nature of the case, it would be impracticable or extremely difficult to fix the actual damage.

49.     The Admin. Fees charged by RelayRides to, and collected by RelayRides from, Plaintiff and the members of the Class are unlawful liquidated damages provisions under Civil Code § 1671(d) for the reasons set forth above.  As a result of their inclusion of the Admin. Fees provisions in the Agreement, and their imposition and collection of the Admin. Fees, RelayRides has violated Civil Code § 1671(d).

50.     The inclusion of the Admin. Fee provision in the Agreement, and RelayRides' imposition of the Admin. Fees on, and collection of the Admin. Fees from, Plaintiff and the members of the Class also violate Civil Code § 1670.5 because the Admin. Fees are unconscionable.  Prospective members have no meaningful choice with respect to the inclusion of the Admin. Fees in the Agreement nor in the amount of the Admin. Fees.  The Agreement is drafted by RelayRides and presented to prospective members on a "take it or leave it" basis with no opportunity or possibility of negotiating any different terms and conditions with RelayRides.  Moreover, the amounts of the Admin. Fees are hidden in separate documents that are difficult for subscribers to find, rather than being included in the main body of the Terms and Conditions.  The Admin. Fees provision in the Agreement is therefore procedurally unconscionable.

51.     The Admin. Fees are unreasonably favorable to RelayRides and unduly harsh with respect to RelayRides' customers, and therefore, are substantively unconscionable.  For example, the Admin. Fees have no relationship whatsoever to any damages incurred by RelayRides, if any, as a result of customer breaches.

52.     The Admin. Fees charged to Plaintiff and the members of the Class also violate the Consumers Legal Remedies Act, Civil Code § 1750 *et seq.*, as they are unconscionable, unenforceable and illegal provisions in violation of Civil Code §§ 1770(a)(14) and 1770(a)(19).

53.     Plaintiff and the members of the Class have suffered an injury in fact resulting in the loss of money or property as a result of having paid the Admin. Fees.

54.     Pursuant to Bus. & Prof. Code § 17203, Plaintiff seeks an order of this Court permanently enjoining RelayRides from continuing to engage in their unfair and unlawful conduct as alleged herein.  Plaintiff also seeks, *inter alia*, an order requiring RelayRides to:

    a.   Immediately cease their unlawful acts and practices;

    b.   Make full restitution of all monies wrongfully obtained; and

    c.   Disgorge all ill-gotten revenues and/or profits.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

## FOURTH CAUSE OF ACTION

### Unfair Business Practices in Violation of Business and Professions Code §§ 17200 *et seq.*

55.     Plaintiff incorporates herein by reference the allegations contained in all preceding paragraphs of this complaint.

56.     Plaintiff brings this claim individually and on behalf of the members of the Class against RelayRides.

57.     The conduct of RelayRides, as herein alleged, constitutes an unfair business practice within the meaning of Bus. & Prof. Code §§ 17200, *et seq.*

58.     RelayRides violated the "unfair" prong of the UCL by requiring members to enter into contracts of adhesion that include the Admin. Fee provision, by enforcing the contractual provisions that provide for the imposition of the Admin. Fees and by imposing and collecting the Admin. Fees.

59.     RelayRides' said practices with respect to Admin. Fees violate the "unfair" prong of the UCL because the Admin. Fees: (1) constitute unfair and wrongful penalties inconsistent with the language and policy of Civil Code § 1671; and (2) constitute unconscionable provisions, in

violation of various laws and policies recognized by the California Legislature and the California courts, including without limitation Civil Code § 1670.5 and the CLRA.

60.     RelayRides' said practices with respect to the Admin. Fees also violate the "unfair" prong of the UCL because the utility of the Admin. Fees is significantly outweighed by the gravity of the harm that they impose on consumers.  The Admin. Fees have limited or no utility as compared with alternatives that would more fairly measure the harm (if any) incurred by RelayRides when a customer breaches the Agreement.  The gravity of the harm that the Admin. Fees impose on consumers is substantial in that they exceed the actual amount of harm (if any) incurred by RelayRides upon customer breach.  Through their imposition and collection of the Admin. Fees from the members of the Class, RelayRides has been massively and unjustly enriched. RelayRides' Admin. Fees also violate the "unfair" prong of the UCL because their inclusion in the Agreements, imposition and collection are and at all times relevant hereto have been oppressive, unscrupulous or substantially injurious to consumers.

61.     RelayRides' said practices with respect to the Admin. Fees also violate the "unfair" prong of the UCL because the Admin. Fees, the provision of the Agreement imposing the Admin. Fees, and RelayRides' enforcement of them through the imposition and collection thereof cause substantial harm that is not outweighed by countervailing benefits to consumers or competition, and consumers could not reasonably have avoided the harm.

62.     RelayRides' practices with respect to the Admin. Fees also violate the "unfair" prong of the UCL for the reasons set forth in the Third Cause of Action, above.

63.     Plaintiff and the members of the Class have suffered an injury in fact resulting in the loss of money or property as a result, *inter alia*, of having paid the Admin. Fees.

64.     Pursuant to Bus. & Prof. Code § 17203, Plaintiff seeks an order of this Court permanently enjoining RelayRides from continuing to engage in their unfair and unlawful conduct as alleged herein.  Plaintiff also seeks an order, *inter alia*, requiring RelayRides to:

    a.   Immediately cease their unlawful acts and practices;

    b.   Make full restitution of all monies wrongfully obtained; and

c.   Disgorge all ill-gotten revenues and /or profits.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the members of the Class, prays:

A.      For an order certifying the Class and appointing Plaintiff and the undersigned counsel of record to represent the Class;

B.      For a permanent injunction enjoining RelayRides, their partners, joint ventures, subsidiaries, agents, servants, and employees, and all persons acting under, in concert with them directly or indirectly, or in any manner, from in any way engaging in the unfair and unlawful practices and violations of law set forth herein;

C.      For full restitution of all funds acquired from RelayRides' unfair business practices and other violations of law, including disgorgement of profits;

D.      For imposition of a constructive trust upon all monies and assets RelayRides has acquired as a result of their unfair practices;

E.      For damages according to proof;

F.      For a judicial declaration regarding the validity of RelayRides' liquidated damages provisions in the Agreement;

G.      For costs of suit herein;

H.      For both pre- and post-judgment interest on any amounts awarded;

I.      For payment of reasonable attorneys' fees; and

J.      For such other and further relief as the Court may deem proper.

**<u>DEMAND FOR TRIAL BY JURY</u>**

Plaintiff demands a trial by jury of all issues so triable.

1  Dated:  March 31, 2016                    Respectfully submitted,

2                                            **BURSOR & FISHER, P.A.**

3                                            By:____*/s/ L. Timothy Fisher*_____
                                                       L. Timothy Fisher
4

5                                            Scott A. Bursor (State Bar No. 276006)
                                             L. Timothy Fisher (State Bar No. 191626)
6                                            Annick M. Persinger (State Bar No. 272996)
                                             Yeremey Krivoshey (State Bar No. 295032)
7                                            1990 North California Boulevard, Suite 940
                                             Walnut Creek, CA  94596
8                                            Telephone: (925) 300-4455
                                             Facsimile:  (925) 407-2700
9                                            E-Mail: scott@bursor.com
                                                        ltfisher@bursor.com
10                                                       apersinger@bursor.com
                                                         ykrivoshey@bursor.com
11

12                                           *Attorneys for Plaintiff*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT                                                            18

I, Prov Krivoshey, declare as follows:

1.      I am a plaintiff in this action and a citizen of the State of Illinois.  I have personal knowledge of the facts stated herein and, if called as a witness, I could and would testify competently thereto.

2.      The complaint filed in this action is filed in the proper place for trial under California Civil Code Section 1780(d) in that Defendant conducts a substantial amount of business in this District, Defendant is headquartered in this District, and Defendant's decision to charge me other members of the proposed Class unlawful Admin. Fees emanated from this District

3.      I am a RelayRides member, subject to the Agreement, and have incurred and paid an Admin. Fee imposed by RelayRides pursuant thereto.  On January 9, 2016, I became a first-time RelayRides customer by renting a vehicle through RelayRides' website and consenting to the "Agreement."  I rented a vehicle through RelayRides for personal, family, or household purposes.  During the four-day rental period, an unknown third party caused some minor damage (scratches) to the side panel and bumper of the vehicle while it was parked in a parking lot.  Upon return of the vehicle, RelayRides charged me (1) $583.99 in "damage costs" to fully compensate the vehicle's owner for the damage caused to the vehicle; (2) a $75 "appraisal fee" for a third-party estimate of the damage; and (3) also charged me an additional "Admin. Fee" of $150.00.  On January 26, 2016, I timely opted-out (through my attorney) of any agreement I may have entered into with RelayRides, Inc. (d/b/a Turo), or any of its parents, subsidiaries, affiliates, assigns, or agents by sending an opt-out notice to arbitrationoptout@turo.com, providing my email address and home address associated with my account, and attaching an unaltered image of my valid driver's license. I paid the Admin. Fee and all the other outstanding charges on my account after instructing RelayRides' employee that I was doing so not because I believe it is right or my obligation, but rather under protest so as to avoid any potential negative consequences to my credit report and so that my account would not be transferred to collections agencies.

1      4.      I declare under the penalty of perjury under the laws of the States of California and

2   Illinois that the foregoing is true and correct, executed on March 31, 2016 at Chicago, Illinois.

3

4

5                                                                   _____

6                                                                          Prov Krivoshey

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

# BURSOR & FISHER

P.A.

1990 N. CALIFORNIA BLVD.
SUITE 940
WALNUT CREEK, CA 94596
www.bursor.com

L. TIMOTHY FISHER
Tel: 925.300.4455
Fax: 925.407.2700
ltfisher@bursor.com

February 22, 2016

*Via Certified Mail - Return Receipt Requested*

RelayRides, Inc., dba Turo
Incorporating Services, Ltd.
3500 S Dupont Hwy
Dover, DE 19901

Re: *Demand Letter Pursuant to California Civil Code § 1782,*

To Whom It May Concern:

  This letter serves as a preliminary notice and demand for corrective action by RelayRides, Inc. ("RelayRides" or "You"), on behalf of my client, Prov Krivoshey, on behalf of himself and all other persons similarly situated.

  Mr. Krivoshey is a RelayRides member and rented a vehicle through RelayRides' service pursuant to a contract of adhesion imposed on him and other customers nationwide by You (the "Agreement"). The Agreement was drafted in its entirety by RelayRides and presented to Mr. Krivoshey and other RelayRides customers on a take-it-or-leave-it, no negotiation basis. Any time a customer breaches the Agreement, either through, *e.g.*, returning a vehicle late, driving more miles than permitted, returning a vehicle without enough gasoline, not paying tolls, incurring tickets or fines, returning a vehicle in an unclean condition, having pets in the vehicle, or smoking in the vehicle, the Agreement imposes set "Admin. fees." Similarly, any time a customer breaches the Agreement through, *e.g.*, damaging an owner's vehicle or where a third-party damages the vehicle during the reservation, the Agreement imposes set "Admin. fees," sometimes also referred to as "claims processing costs," "processing fees," and "related costs." The contracts of adhesion applicable to all of RelayRides' nationwide customers also contain these same "Admin. Fee" provisions. RelayRides has imposed such Admin. Fees on Mr. Krivoshey and, we are informed and believe, on other RelayRides customers nationwide. Mr. Krivoshey has incurred and paid such fees.

  The Agreement contains a California choice of law provision stating that any disputes between any customer and RelayRides shall be governed by the laws of the State of California, without regard to principles of conflicts of laws. The Admin. Fees imposed on Mr. Krivoshey and other nationwide RelayRides customers are illegal, void, and unenforceable contractual penalties pursuant to California Civil Code § 1671 ("§ 1671"). The provisions of the Agreement imposing the Admin. Fees are unconscionable, and the Admin. Fees themselves are unconscionably high. Both the inclusion of the clauses providing for the Admin. Fees in the adhesion contracts for RelayRides services and collection of the Admin. Fees violate § 1671 and

constitute unfair, fraudulent and illegal business practices in violation of the California Unfair Competition Law, California Business & Professions Code §§ 17200 *et seq.* The collection of the Admin. Fees from Relayrides' customers has unjustly enriched RelayRides such that it would be inequitable for RelayRides to retain the Admin. Fees that it has collected from its customers nationwide. Both the inclusion of the clauses providing for the Admin. Fees in the adhesion contracts and RelayRides' assessment of the Admin. Fees on, and collection of the Admin. Fees from, Mr. Krivoshey and other RelayRides customers also are and were in violation of the California Consumer Legal Remedies Act, California Civil Code §§ 1750, *et seq.*, including without limitation California Civil Code §§ 1770(a)(14) and (a)(19). As to Mr. Krivoshey and similarly situated nationwide RelayRides customers, this letter is sent pursuant to the provision of California Civil Code section 1782.

We hereby demand that You immediately (1) cease and desist from disseminating and entering into contracts containing the unlawful Admin. Fee penalty provisions; (2) cease and desist from requiring RelayRides' nationwide customers to agree or adhere to contracts containing the Admin. Fee provisions as a condition of obtaining RelayRides services; (3) cease and desist from enforcing the unlawful contractually imposed Admin. Fee provisions on current and former RelayRides customers nationwide; and (4) refund all Admin. Fees heretofore paid to RelayRides or any agent of RelayRides by or on behalf of any RelayRides customer nationwide.

It is further demanded that You preserve all documents, data, and information, including without limitation, all "Writings," as defined in California Evidence Code § 250 (collectively, "Documents"), and all "Electronically Stored Information," as defined in California Code of Civil Procedure § 2016.020(e), which refer or relate to any of the above-described practices, including, but not limited to, the following:

1. All Documents and Electronically Stored Information which contain, refer, or relate to the Admin. Fee provisions in RelayRides' contracts with customers;
2. All Documents and Electronically Stored Information which comprise, refer, or relate to the imposition of or demand for Admin. Fees on RelayRides customers;
3. All Documents and Electronically Stored Information which contain, refer, or relate to representations made by RelayRides to its customers about Admin. Fees;
4. All Documents and Electronically Stored Information which comprise, refer, or relate to any forms of contract between RelayRides and its customers anywhere in the United States, that purport to include Admin. Fee provisions, and all drafts of such contracts;
5. All Documents and Electronically Stored Information that constitute, refer, or relate to any attempt by anyone, including RelayRides, its parents, subsidiaries, or affiliated companies, or its or their agents, employees, officers, directors, consultants, attorneys, or consultants, to calculate, determine, or justify the amount of the charge for any fee, cost, or penalty provision, including without limitation the Admin. Fees, that was included, or considered at any time of inclusion, in any RelayRides customer contract, product guide, or tariff, anywhere in the United States;
6. All Documents and Electronically Stored Information that contain, refer, or relate to the identities of RelayRides customers nationwide or former customers who paid

Admin. Fees to RelayRides or any agent of RelayRides, and the dates and amounts of the Admin. Fees paid by such persons;

7.  All Documents and Electronically Stored Information that comprise, refer, or relate to bills, invoices, demands for payment and other transactional Documents reflecting Your assessment of Admin. Fees on any United States RelayRides customer or former customer;

8.  All Documents and Electronically Stored Information that refer or relate to the collection by RelayRides, any agent of RelayRides, or any collection agency or other person acting on behalf of RelayRides, of any Admin. Fees from any United States RelayRides customer or former customer, or the payment of any Admin. Fees by any United States RelayRides customer or former customer;

9.  All Documents and Electronically Stored Information that show the amounts and aging of accounts receivable attributable to Admin. Fees.

Please comply with this demand within 30 days from your receipt of this letter.

We are willing to negotiate to attempt to resolve the demands asserted in this letter.  If you wish to enter into such discussions, please contact me immediately.  If I do not hear from you promptly, I will conclude that you are not interested in resolving this dispute short of litigation.  If you contend that any statement in this letter is inaccurate in any respect, please provide us with your contentions and supporting documents promptly.

Very truly yours,

L. Timothy Fisher